UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Phillip Horswell,

Plaintiff,

v.

State of Minnesota,

Defendant.

File No. 26-cv-4686 (ECT/DTS)

**OPINION AND ORDER**

---

Phillip Horswell, *pro se*.

---

This case came to my attention in the ordinary course of administering our docket. Pro se Plaintiff Phillip Horswell has a history of filing frivolous lawsuits in this District. *See Horswell v. Saint Peter Reg'l Treatment Ctr.*, No. 25-cv-4581 (JMB/LIB), 2025 WL 4112904, at *3 (D. Minn. Dec. 17, 2025) (describing Mr. Horswell's frivolous litigation history), *R. & R. adopted*, 2026 WL 312948 (D. Minn. Feb. 5, 2026), *aff'd*, No. 26-1340, 2026 WL 2517646 (8th Cir. May 8, 2026). This case is another.

Mr. Horswell filed this case and paid the filing fee on November 2, 2026. *See* ECF No. 1 and internal docket notes dated Nov. 2, 2026. Mr. Horswell alleges that Minnesota's civil-commitment regime violates the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. Compl. [ECF No. 1] at 3.[1] This is so, Mr. Horswell claims, because the civil-commitment process effectuates "control" over a "citizen's thoughts and

---

[1] Page citations are to pagination assigned by the court's CM/ECF system appearing in a document's upper right corner, not to a document's original pagination.

behavior," imposes a warrantless detention arising from an individual's speech, and results in some individuals being tried twice for the same offense. *Id.* at 5–6. The overarching allegation supporting these claims is that the State of Minnesota "fail[s] to recognize that there is no such thing as mental illness" and that "it is really demonic possession instead that makes people have symptoms like delusions, extreme sadness, mania and behavioral issues." *Id.* at 7. Mr. Horswell alleges that "once an exorcism has been performed the citizen becomes calm, nonviolent and at peace without delusions." *Id.* I infer from these allegations that, in Mr. Horswell's view, exorcism would serve as a less restrictive alternative to civil commitment. Mr. Horswell seeks $150 billion in damages on behalf of a class and the release of every civilly committed person in Minnesota. *Id.* at 8.[2]

A litigant's payment of the filing fee does not prevent a federal district court from dismissing a frivolous case *sua sponte*. *See Duvall v. Russell*, No. 2:25-cv-04215-SRB, 2025 WL 3425948, at * 1 (W.D. Mo. Oct. 21, 2025); *see also Steven v. Mnuchin*, No. 17-mc-0061 (JRT/DTS), 2017 WL 8944030, at *1 (D. Minn. Dec. 8, 2017), *R. & R. adopted*, 2018 WL 582477 (D. Minn. Jan. 29, 2018). A case is "frivolous" for this purpose when "it lacks an arguable basis either in law or in fact." *Shaik v. Olmstead*, No. 24-cv-1898 (SRN/DLM), 2024 WL 3313982, at *1 (D. Minn. May 28, 2024) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Mr. Horswell's Complaint is patently frivolous. It depends on allegations denying the existence of mental illness, identifying demonic possession as the sole source of all serious mental health challenges, and crediting exorcism as the cure-all for these challenges and as a

---

[2] A pro se litigant cannot represent a class. *See Greene v. Lake*, No. 17-cv-3551, 2018 WL 3105446, at *2–3 (D. Minn. June 25, 2018).

less restrictive alternative to Minnesota's civil-commitment regime. Compl. at 5–7. Considered together, these allegations "are sufficiently fantastic to defy reality as we know it." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting). For these reasons, this case will be dismissed.

In addition to this case's dismissal, Mr. Horswell will be restricted from filing new cases in this District unless he is represented by counsel or first obtains prior written authorization to file an action from a judicial officer of this District. The factors bearing on this question are familiar. *See Munt v. Schnell*, No. 19-cv-0056 (JNE/HB), 2020 WL 2129722, at *11–12 (D. Minn. Mar. 12, 2020) (listing factors to consider in deciding whether to impose a filing restriction), *R. & R. adopted*, 2020 WL 2128666 (D. Minn. May 5, 2020), *aff'd*, *Munt v. Roy*, No. 20-2117, 2020 WL 7055820 (8th Cir. Oct. 26, 2020). This is at least the sixth frivolous lawsuit Mr. Horswell had filed in this District in less than the past two years. *See Horswell v. Saint Peter Reg'l Treatment Ctr.*, 2025 WL 4112904, at *3 (listing cases). Every dismissal Mr. Horswell appealed, the Eighth Circuit summarily affirmed. *See Horswell v. Minnesota*, No. 26-1611, 2026 WL 2936259 (8th Cir. July 24, 2026); *Horswell v. Saint Peter Reg'l Treatment Ctr.*, No. 26-1340, 2026 WL 2517646 (8th Cir. May 8, 2026); *Horswell v. Rem River Bluffs*, No. 26-1176, 2026 WL 2184815 (8th Cir. Mar. 3, 2026); *Horswell v. All 50 States*, No. 25-3534, 2026 WL 1853824 (8th Cir. Mar. 2, 2026). This lawsuit, like the others Mr. Horswell has filed, lacks any objectively good faith basis for pursuing it. In addition to imposing burdens on the court, his lawsuits have imposed burdens on the parties he has sued. *See, e.g.*, *Horswell v. Piper*, No. 17-cv-5389 (JRT/DTS), 2026 WL 3181363, at *1 (D. Minn. Oct. 23, 2026). A sanction short of a filing restriction would not adequately protect the court

and other parties. Because he is civilly committed, Mr. Horswell likely lacks the resources to pay a monetary sanction, and it is difficult to identify another non-monetary sanction that might deter him from filing more frivolous lawsuits.

This should come as no surprise to Mr. Horswell. He was warned "that if he continues to file meritless litigation in this District, he will be added to this District's list of restricted filers." *Horswell v. Saint Peter Reg'l Treatment Ctr.*, 2025 WL 4112904, at *3. Though I would ordinarily attempt to tailor the filing restriction narrowly (for example, by limiting the restriction to cases brought against a specific party or parties or concerning specific subject matters), that is not possible here because Mr. Horswell has filed frivolous suits against a variety of defendants regarding a diverse array of subjects. There's no predicting who he might sue next or what the subject of that case might be.

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. This action is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff Phillip Horswell is restricted from filing new cases in this District unless he is represented by counsel or obtains prior written authorization to file a case from a judicial officer of this District.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 25, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court